```
          UNITED STATES DISTRICT COURT
       SOUTHERN DISTRICT OF WEST VIRGINIA
                  AT CHARLESTON
```

JAMES BRADLEY and
SHIRLEY A. BRADLEY

    Plaintiffs,

v.                                          Civil Action No. 2:09-cv-01298

GEOFFREY R. COUSINS, M.D., and
CHARLESTON AREA MEDICAL CENTER,

    Defendants,

## MEMORANDUM OPINION AND ORDER

Pending is the joint motion to remand by plaintiffs and defendant Charleston Area Medical Center ("CAMC"), filed July 22, 2010.

### I.

On November 11, 2009, plaintiffs instituted this action in the Circuit Court of Kanawha County against Geoffrey R. Cousins, M.D., CAMC, and "The Heparin Defendants," being Baxter Healthcare Corp., Baxter International, Inc., Scientific Protein Laboratories, Inc., Chanzou SPL Company, Ltd. a/k/a Kaipu Biochemical Co., and American Capital Ltd, ("pharmaceutical defendants"). (Joint Mot. 1). Dr. Cousins has yet to be served by the plaintiffs.

Heparin is a prescription anticoagulant used primarily to decrease the chance of clots forming in patients undergoing certain medical procedures, such as cardiac surgery, bypass surgery and kidney dialysis.  (Compl. ¶¶ 13, 15).  Heparin is often administered intravenously.  (<u>Id.</u>).  Mr. Bradley was prescribed Heparin by Dr. Cousins on November 11, 2008.  (<u>Id.</u> at ¶¶ 42, 43).  Following the Heparin injection, Mr. Bradley allegedly suffered an immediate reaction to the drug, which resulted in debilitating and disabling injuries, including necessitating the amputation of his toes.  (<u>Id.</u> at ¶¶ 42, 43).

Plaintiffs' complaint contains seven causes of action: (1) Products Liability - Defective Design, against the pharmaceutical defendants, (2) Products Liability - Failure to Warn, against the pharmaceutical defendants, (3) Consumer Fraud, against the pharmaceutical defendants, (4) Breach of Express Warranty, against the pharmaceutical defendants, (5) Tort of Malpractice, against Dr. Cousins, (6) Tort of Malpractice, against CAMC, and (7) Loss of Consortium, against all the defendants.

On December 2, 2009, the pharmaceutical defendants removed on diversity grounds.  Neither Dr. Cousins nor CAMC consented to removal.  Plaintiffs reside in Kanawha County.

(Compl. ¶1).  Geoffrey R. Cousins, M.D., is a physician who formerly practiced medicine in Kanawha County, and CAMC conducts business operations in Kanawha County.  (Id. at ¶¶ 2-3).  The pharmaceutical defendants conduct business in West Virginia but are not West Virginia citizens.  (Compl. ¶¶ 5-8).

In the Notice of Removal, the pharmaceutical defendants argued that Dr. Cousins and CAMC were fraudulently joined, and therefore their presence in the case should not defeat diversity.  (Not. of Removal at ¶ 4g).  The pharmaceutical defendants further argued that any potential claims against Dr. Cousins and CAMC "would be entirely separate from and unrelated to any claim for contaminated heparin" against the pharmaceutical defendants, thus justifying severance and remand of the medical negligence claims to state court.  (Id. at ¶¶ 9, 10).

One week after filing their notice of removal, on December 9, 2009, the pharmaceutical defendants moved to stay proceedings in this court pending transfer by the United States Judicial Panel on Multidistrict Litigation ("MDL Panel") inasmuch as Heparin-related cases were being consolidated in an MDL proceeding and transferred to the Northern District of Ohio.  The court granted the pharmaceutical defendants' motion on February 24, 2010.

3

While the matter was pending before the MDL Panel, CAMC filed a motion requesting the MDL Panel to partially vacate its order conditionally transferring the medical malpractice claims against CAMC to the Northern District of Ohio for inclusion in MDL No. 1953.  On June 7, 2010, the MDL Panel entered a transfer order with simultaneous separation and remand in this case.  In the order, the MDL Panel transferred plaintiffs' claims against the pharmaceutical defendants to the Northern District of Ohio for inclusion in MDL No. 1953 with other claims relating to the manufacture and sale of allegedly adulterated Heparin.  Having found that the "medical negligence claims against both CAMC and the treating physician [Dr. Cousins] [did] not share sufficient questions of fact" with the claims against the pharmaceutical defendants to warrant inclusion in the MDL proceedings, the MDL Panel ordered that plaintiff's claims against CAMC and Dr. Cousins be remanded to this court.

Accordingly, the remaining claims before the court are plaintiffs' Fifth, Sixth, and Seventh Causes of Action as against CAMC and Dr. Cousins.  The parties seek remand of these claims inasmuch as plaintiffs and the CAMC "find themselves in a forum that neither has selected," and there is no diversity of citizenship among the plaintiffs, CAMC, and Dr. Cousins.

II.

The court is vested with original jurisdiction of all actions between citizens of different states when the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1). For diversity subject matter jurisdiction, "complete diversity" must exist between the parties, meaning that no party shares common citizenship with any party on the other side at the time of removal. Mayes v. Rapoport, 198 F.3d 457, 460 (4th Cir. 1999). The statute establishing diversity jurisdiction is to be strictly construed. Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09 (1941); Healy v. Ratta, 292 U.S. 263, 270 (1934); Schlumberger Indus., Inc. v. Nat'l Surety Corp., 36 F.3d 1274, 1284 (4th Cir. 1994). The party seeking removal bears the burden of establishing federal jurisdiction and, if challenged, also bears the burden of proving that federal jurisdiction was properly invoked. Mulcahey v. Columbia Organic Chem. Co., 29 F.3d 148, 151 (4th Cir. 1994).

Plaintiffs' claims against the pharmaceutical defendants have been transferred to MDL No. 1953 for inclusion in the consolidated pretrial proceedings for Heparin-related claims. The pharmaceutical defendants were the removing parties in this instance as neither CAMC nor Dr. Cousins, who has yet to be

served, consented to removal.  As between plaintiffs and the remaining non-pharmaceutical defendants, CAMC and Dr. Cousins, there is no diversity of citizenship or federal question alleged.  Neither the plaintiffs nor CAMC sought to litigate the remaining state-law claims in a federal forum.  Inasmuch as plaintiffs' claims against the removing parties have been consolidated with other Heparin-related claims in MDL No. 153, and there is no diversity between the plaintiffs and the remaining defendants CAMC and Dr. Cousins, there is no reason that plaintiffs' claims against CAMC and Dr. Cousins be litigated in a federal forum along with the claims against the pharmaceutical defendants.

In the Notice of Removal, the pharmaceutical defendants suggested that any potential claims against Cousins and CAMC "would be entirely separate from and unrelated to any claim for contaminated heparin" against the pharmaceutical defendants, thus justifying severance and remand of the medical negligence claims to state court.  (Id. at ¶¶ 9, 10).  This is further evidenced by the MDL Panel's decision to simultaneously transfer plaintiffs claims as against the pharmaceutical defendants and remand the claims against CAMC and Dr. Cousins.  As noted by the MDL Panel, plaintiffs' claims against CAMC and Dr. Cousins simply "do not

share sufficient questions of fact with claims" against the pharmaceutical defendants to warrant inclusion in MDL No. 1953.

In sum, there is no independent basis for federal jurisdiction as to the plaintiffs' claims against the non-pharmaceutical defendants, and all the parties in this action agree that plaintiffs' claims against the non-pharmaceutical defendants should be severed and remanded to state court. Accordingly, it is ORDERED that the claims alleged by the plaintiffs as against CAMC and Dr. Cousins be, and hereby are, severed and remanded for all further proceedings to the Circuit Court of Kanawha County.

It is further ORDERED that this civil action be, and it hereby is, stayed and retired to the inactive docket awaiting the outcome of the ongoing MDL proceedings in the transferee court.

The Clerk is directed to forward copies of this written opinion and order to counsel of record and any unrepresented parties and a certified copy to the clerk of court for the Circuit Court of Kanawha County.

DATED: August 4, 2010

John T. Copenhaver, Jr.
United States District Judge